## Sloss-Sheffield S. & I. Co. v. Bearden.

### Injury to Servant.

(Decided December 21, 1916. Rehearing denied February 15, 1917.
74 South. 230.)

**Master and Servant; Injury to Employee; Infant; Mines.**—The provisions of section 1035, Code 1907, relative to the employment of children under fourteen years old in the mines apply to underground mines only, and not to open or surface mines.

Somerville, Gardner, and Thomas, JJ., dissent.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by Willie Bearden, pro ami, against the Sloss-Sheffield Steel & Iron Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Suit by appellee against appellant for recovery of damages sustained while in the employ of appellant at its iron ore mine in Franklin county. The counts upon which the trial was had, numbered 2, 3, and 4, rest for recovery upon the wrongful employment of the plaintiff by the defendant as in violation of section 1035 of the Code, the plaintiff being under the age of 14. The trial resulted in a judgment for the plaintiff; hence this appeal.

TILLMAN, BRADLEY & MORROW and E. B. ALMON for appellant. W. L. CHENAULT for appellee.

PER CURIAM.—While this court held in *Cole v. Sloss-Sheffield S. & I. Co.*, 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E,

[Sloss-Sheffield S. & I. Co. v. Bearden.]

99, that section 1035 of the Code of 1907 applied to ore as well as coal mines, we think that, regardless of the technical definition of the word 'mine," it was the legislative purpose to protect employees in underground mines, whether coal or ore, and not in open or surface mines such as the one here involved. The trial court erroneously applied said statute to the mine in question, and therein committed reversible error. The judgment will be reversed, and the cause remanded.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.

GARDNER, J.— (dissenting)—In construing section 1035 the court held in the Cole Case, supra, that the expression 'any mine" meant all mines. The rule was there reiterated that statutes of this character should be liberally construed, so as to effectuate the humane intent of the Legislature.

The defendant was engaged in operating an iron ore mine. The evidence discloses that in this work "a dinky, steam shovel and railroad track," etc., were used. The superintendent testified in part as follows: "The defendant company is engaged in digging the earth and mineral with the shovel and washing it for use at the furnace. He [plaintiff] got hurt at washer No. 3. The company was digging up the earth and mineral and loading it on the little dump cars * * * and dumping it in the washer. They were washing brown hematite ore from the dirt. We did not have to dig any tunnels or underground passages. All this work was on the surface of the ground. It was what we call open work, and there is no drift or shaft work there. We took out the surface about 12 feet deep at the point where the shovel was working, but it varies of course."

Mr. Webster gives as one of his definitions of a mine the following:

"Any place where ore, metals, or precious stones are got by digging or washing the soil, as, a placer mine."

In Bouvier's Law Dictionary, vol. 2, is the following definition:

"A mine is an excavation in the earth for the purpose of obtaining minerals."

Webster also says that in its widest sense the term "mines" includes quarries. See the word "quarry" in Webster's Dic-

[Martin v. Brown, et al.]

tionary. The following cases are of more or less interest in this connection: *Marvel v. Merritt*, 116 U. S. 11, 6 Sup. Ct. 207, 29 L. Ed. 550; *Murray v. Allred*, 100 Tenn. 100, 43 S. W. 355, 39 L. R. A. 249, 66 Am. St. Rep. 740; *Callahan v. James* (Cal.) 71 Pac. 104; *Dunham v. Kirkpatrick*, 101 Pa. 36, 47 Am. Rep. 696.

The definition of a mine as disclosed by the above authorities is not confined only to those having underground passageways. From the distinction drawn by the majority it is difficult to ascertain at what point in the operation the works would be a mine within the meaning of said definition. As to what depth or what extent would be required of the underground work to bring the mine within the definition of an "underground mine" would remain a matter of much uncertainty. The definition of a mine does not take into account that distinction. The evidence above quoted shows that this ore is gotten from the earth by digging, and that the depth varies at the point where the shovel was at that time working in this particular mine, which was only 12 feet in depth, and must vary more or less according to the quantity of ore found. Under the decisions of this court section 1035 of the Code is to be given a liberal construction, and that here accorded it is in my opinion entirely illiberal. I therefore respectfully dissent from the majority opinion.

SOMERVILLE and THOMAS, JJ., concur in dissenting opinion.