(80 South. 42)

SLOSS–SHEFFIELD STEEL & IRON CO. v. BEARDEN. (8 Div. 97.)

(Supreme Court of Alabama. June 27, 1918. Rehearing Denied Nov. 14, 1918.)

1. MASTER AND SERVANT ☞247(5)—INJURIES TO SERVANT — CONTRIBUTORY NEGLIGENCE —VIOLATION OF RULE.

Violation of rule of employing company forbidding riding on tramcars was not proximate cause of injuries from plaintiff's foot passing under the wheels, owing to the act of the operator, with knowledge of plaintiff's position, in suddenly accelerating the speed of the cars.

2. MASTER AND SERVANT ☞247(1)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Negligence of injured servant in undertaking to board slowly moving tramtrain was not contributory negligence barring right to recover, where injury was caused by his foot slipping under wheels when operator of train, who knew of servant's position, sharply accelerated speed.

3. MASTER AND SERVANT ☞289(31) — INJURIES TO SERVANT — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In servant's action for injuries when foot was mashed by wheels of tramtrain in attempting to board, plaintiff's claim being that operator saw him and suddenly accelerated speed, whether plaintiff's act in undertaking to board moving cars was such conduct as to preclude recovery held for jury.

4. DAMAGES ☞208(3)—PERMANENCY OF INJURY—QUESTION FOR JURY.

In servant's action for injuries, question of permanency of injury held for jury, notwithstanding a physician's testimony to contrary.

5. MASTER AND SERVANT ☞270(16) — INJURIES TO SERVANT—EVIDENCE.

In servant's action for injuries in boarding employer's slowly moving tramtrain, testimony of employer's witness as to whether he was told to keep off and not ride on tramtrains was properly excluded as immaterial; proof of rule of company should have been undertaken more directly.

6. MASTER AND SERVANT ☞145 — RULE OF EMPLOYER—WAIVER OR RESCISSION.

A master's rule which is not statutory may be waived or rescinded.

7. TRIAL ☞258(1)—INSTRUCTIONS—REQUESTS —CONSTRUCTION.

In action by minor servant for injuries, defendant's requested instruction that under the evidence plaintiff's earning capacity had not been impaired could not be accepted as asserting

that damages from impairment of earning capacity during minority are not recoverable; the parent being entitled thereto.

**8. TRIAL ⊜253(9)—INSTRUCTIONS IGNORING EVIDENCE.**

In view of evidence that injury to minor servant was permanent, defendant's requested instruction that under the evidence earning capacity of plaintiff had not been impaired was erroneous.

**9. DAMAGES ⊜216(8)—INJURY TO INFANT—IMPAIRMENT OF EARNING CAPACITY — INSTRUCTIONS.**

In action by minor servant for injuries, a requested instruction, if construed as demanding a charge on right of infant to recover for impairment of earning capacity, *held* erroneous as not restricting to minority the denial of right to recover.

**10. TRIAL ⊜260(1)—INSTRUCTIONS—REPETITION.**

Refusal of requested charge substantially duplicating a charge already given was not erroneous.

**11. APPEAL AND ERROR ⊜1005(1)—REVIEW—OVERRULING OF MOTION FOR NEW TRIAL.**

On assignment of error that trial court erred in overruling motion for new trial, with particular reference to ground that verdict was opposed to evidence and was excessive, review in Supreme Court is merely of action of trial court in premises, not of jury's action.

**12. NEW TRIAL ⊜71 — OVERRULING OF MOTION—PROPRIETY.**

Defendant's motion for new trial on ground verdict was opposed to evidence was properly overruled, where evidence was conflicting and acceptance of plaintiff's version of circumstances of injury and of its character justified conclusions prevailing with jury, though such evidence was contradicted.

Appeal from Circuit Court, Franklin County; J. J. Curtis, Judge.

Suit by Willie Bearden, by next friend, against the Sloss-Sheffield Steel & Iron Company. From judgment for plaintiff, defendant appeals. Affirmed.

Tillman, Bradley & Morrow, of Birmingham, and Travis Williams, of Russellville, for appellant.

W. L. Chenault, of Russellville, for appellee.

McCLELLAN, J. A report of this case on former appeal appears in 74 South. 230.[1]

Young Bearden, an employé of the defendant (appellant) had his foot injured when he was in the act of getting on a car in a tramtrain operated by the defendant about its surface mine in Franklin county. The only count submitted to the jury was count H. This count ascribed plaintiff's (appellee's) injury to the negligence of one Hurst, the operator of the "dinkey engine," to which cars were attached, over the tramtrack. Aside from a general traverse of count H, the defense was, to summarily state it, that plaintiff was, himself, guilty of negligence proximately contributing to his injury. The plaintiff's version of the event was that an authorized superior ordered him to shut off the water some distance away, near the tramtrack, and to put sections of water pipe on the cars, to be hauled by them to the point where needed, and to return with the pipe on the tramtrain; that, when the tramtrain approached the point where he had the pipe, he signaled the operator to stop the cars; that the tramtrain was slowed down to a very low speed; that he put the pipe on the cars; that the operator of the "dinkey engine," attached to the cars, saw plaintiff as he was in the act of getting on one of the cars (the next to the last of the four in the tramtrain), and thereupon suddenly accelerated the speed of the cars, whereupon, in consequence of the sudden movement of the cars, plaintiff's foot passed under the wheels and was mashed; that he knew of no rule of the company forbidding him or others of his class to ride on the tramtrains; and that he was never told not to ride on them.

The evidence for the defendant went to contradict every statement of plaintiff, except that his foot was mashed on the date in question.

[1-3] It is too plain to admit of debate that the meritorious issues were due to be submitted to the jury. There was evidence leading to a conclusion that defendant was liable; and there was evidence opposed to defendant's contention that plaintiff was guilty of negligence proximately contributing to his injury. The particular negligence that, if found, proximately caused plaintiff's injury, was the sudden movement of the engine and tramtrain, by the operator who saw his position, at the time when he was situated as his evidence went to show he was. The violation of a rule of the company forbidding plaintiff and others to ride on the trams, even though then in force, would not have been negligence, on plaintiff's part, proximately contributing to his injury. It would have been negligence; but not negligence so related to the event as to preclude a recovery for an injury proximately caused by the act of the defendant's operative in suddenly accelerating the movement of the cars under the circumstances described in the plaintiff's evidence. The same considerations exclude the negligent act (if so) of plaintiff in undertaking to "board" the slowly moving tramtrain, as an efficient factor in denying a right to recover because of contributory negligence on plaintiff's part. Anyway, the court left it to the jury to decide whether there was such a rule; and also, quite properly, whether the rule had been waived, or whether plaintiff's superior had authoritatively directed him, notwithstanding the rule, to ride the tramtrain on his return with the pipe. According to permissible, justifiable conclusions of fact from the evidence, it cannot be affirmed, as a matter of law, that, even though the plaintiff knew it was dangerous to "board" cars running as these cars were, his act in so undertaking was such conduct as to preclude his recovery for

an injury that the jury was permitted to find was the immediate result of a sudden acceleration of the then slow speed of the tramtrain by an operative who saw plaintiff's posture at the time.

[4] The evidence bearing on the extent and character of plaintiff's injury has been carefully considered. On the evidence, it cannot be held, as a conclusion of law therefrom, that the injury was not permanent; and so, notwithstanding the physician's statement to the contrary, the question was for the jury.

[5] On the examination of defendant's witness Eaton, this question was propounded by defendant's counsel: "You know you were told to keep off and not ride them [tramtrains]?" The court correctly sustained the plaintiff's objection to this question; it being wholly immaterial what Eaton, not plaintiff, was told. The proof of the existence of a rule of the company should have been undertaken in a more direct way.

[6] That a rule—not statutory—of a master may be waived or rescinded, is a proposition not open to doubt. The court committed no error in instructing the jury as it did on this subject.

[7-9] In supplemental instruction of the jury, the court expressly advised that no punitive, only compensatory, damages could be assessed or awarded. The court correctly refused defendant's request for this instruction: "Under the evidence the earning capacity of plaintiff has not been impaired or decreased." The complaint (count H) averred that the injury was permanent; and there was, as stated, evidence before the jury tending to support this allegation. It was also averred that the plaintiff was, because of the injury, "rendered less able to work." The quoted request for instruction sought to have the court interpret the evidence to an effect which would have ignored those phases thereof whereby it was shown that the injury rendered plaintiff "less able to work." Under no reasonable construction could the quoted request be accepted as asserting the proposition that, in an action by an unemancipated infant for personal injury, damages consequent upon impairment of earning capacity during minority are not recoverable; the parent being entitled thereto. Houston, etc., R. R. v. Boozer, 70 Tex. 530, 8 S. W. 119, 8 Am. St. Rep. 615; Western R. R. Co. v. Young, 81 Ga. 397, 7 S. E. 912, 12 Am. St. Rep. 320; 13 Cyc. p. 147; Rosenkranz v. Lindell R. R. Co., 108 Mo. 9, 18 S. W. 890, 32 Am. St. Rep. 588. And with respect to this proposition reference may be had to Code (1907) § 2484; McNamara v. Logan, 100 Ala. 187, 14 South. 175; Woodward Iron Co. v. Cook, 124 Ala. 349, 27 South. 455. All other considerations aside, even interpreting the quoted request as intending to assert the proposition just above stated, the court was justified in the action taken by the omission in the request to restrict to the period of his minority the denial of the plaintiff's (infant's) right to recover; there being evidence inviting a conclusion that the injury was permanent in character.

[10] Having given, at defendant's request, charge 17, the court did not err in refusing request numbered 18, its substantial duplicate.

[11, 12] The appellant earnestly insists that the court erred in overruling the motion for new trial, with particular reference to these grounds thereof: That the verdict was opposed to the overwhelming weight of the evidence, and that the verdict of $4,000 was excessive. The review here, in this aspect, is of the action of the trial court in the premises. It was open to the jury to accept, to give credence to the plaintiff's evidence, as opposed to that of the several witnesses for the defendant. The trial court saw and heard all of these witnesses. The acceptance of plaintiff's version of the circumstances surrounding his injury and of the character and extent thereof justified, it is readily conceivable, the conclusions prevailing with the jury. Under the rule of Cobb v. Malone, 92 Ala. 630, 9 South. 738, this court is not convinced that error was committed by the court in overruling the motion for new trial. The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.