(86 South. 467)

## SHEFFIELD IRON CORPORATION v. DENNIS. (8 Div. 219.)

(Supreme Court of Alabama. Oct. 21, 1920.)

1. Trial ⬅⟹260(1)—Refusal of charge covered by given charge not error.

Refusal of requested charge fully covered by the given charge was not error.

2. Trial ⬅⟹234(3) — Instruction that jury "may" find for defendant held not affirmative charge.

Instruction that, if jury believes the evidence, they "may" find for the defendant, held not the general affirmative charge, in that word "may" was used instead of word "must."

3. Appeal and error ⬅⟹694(2) — Refusal to give affirmative charge not considered in absence of record containing count.

Refusal of defendant's request for general affirmative charge will not be considered on appeal in absence of record containing one of the counts on which the case was tried.

4. Evidence ⬅⟹291—Declarations by decedent admissible to prove descent, relationship, birth, marriage, and death.

Declarations, both written and oral, are admissible to prove descent and relationship and particular facts of birth, marriage and death, and the time when such events may have happened, where made by some member of family concerned, since deceased.

5. Evidence ⬅⟹292—Affidavit of persons living at time of trial not admissible to prove age.

In action for injuries to employé claimed to have been employed while under 16 years of age, in violation of Code 1907, § 1035, as amended by Acts 1915, p. 193, the affidavit of employé's parents furnished employer at time employé was hired, stating that employé was over 16 years of age at such time, was not admissible to prove employé's age, where parents were living at time of trial.

6. Witnesses ⬅⟹379(4)—Affidavit as to employé's age furnished employer admissible to impeach employé's testimony as to age.

In action for injuries to employé claimed to have been hired by employer while under 16 years of age, in violation of Code 1907, § 1035, as amended by Acts 1915, p. 193, affidavit of employé's parents furnished employer by employé at time he was hired, stating that employé was over 16 years of age, amounted to a declaration by him contrary to his testimony, whether genuine or fabricated by employé, and was admissible to impeach employé's testimony that he was under such age.

7. Witnesses ⬅⟹406—Testimony contradicting plaintiff's testimony held erroneously excluded.

In action for injuries to employé claimed to have been hired while under 16 years of age in violation of Code 1907, § 1035, as amended by Acts 1915, p. 193, where employé testified that his parents' affidavit that he was over 16 years of age, furnished by him to employer when he was hired, was signed by a justice of the peace and delivered to him in the absence of the parents, refusal to permit the justice of the peace to testify in contradiction that the affidavit was made by the parents and delivered to them instead of to employé *held* error, since such testimony would have affected credibility of employé as a witness.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Action by Fred Howard Dennis, pro ami, against the Sheffield Iron Corporation for damages for personal injuries while at work in a mine of the defendant corporation. Judgment for the plaintiff, and defendant appeals. · Reversed and remanded.

Count 1 of the complaint alleges that defendant was operating an iron ore mine, and in and as a part of its operation it used an iron ore washer, and plaintiff was employed by the defendant as a laborer at its said mine at said washer, and was caught and injured by said washer; that he received his injuries and hurts as a proximate of the wrongful

conduct of the defendant or its servants and agents while acting in the line and scope of their employment, in that the said defendant or its servants or its agents while engaged in the line and scope of their employment did wrongfully employ the plaintiff, then a minor, under the age of 16 years, to work or labor in or about the defendant's mine in violation of law. Charge 3 is as follows: "If the jury believed the evidence, they may find for the defendant." It appears from the evidence that defendant was conducting an ore mine, and that plaintiff applied to the defendant for employment and was asked how old he was. He stated that he was over 16, and was told that before being employed he must have a statement from his parents as to his age and the consent from them for his employment. He later returned with these statements and consent in the form of an affidavit purporting to have been signed by both his parents and attested by a justice of the peace. The other facts sufficiently appear.

Travis Williams, of Russellville, and Joseph H. Nathan, of Sheffield, for appellant.

The mine at which plaintiff was working is not the kind of mine referred to in Gen. Acts 1915, p. 193, and hence the affirmative charge should have been given as to count 1. 199 Ala. 132, 74 South. 230. The court erred in failing to admit the written statement, and in refusing to permit the witness Thompson to testify as to its execution. 179 Ala. 186, 60 South. 583; 16 Ala. App. 665, 81 South. 185; 203 Ala. 131, 82 South. 161.

William L. Chenault, of Russellville, for appellee.

Acts 1915, p. 193, amending section 1035, Code 1907, has been given a broad and liberal interpretation and covers this case. 186 Ala. 192, 65 South. 177. Ann. Cas. 1916E, 99; 199 Ala. 132, 74 South. 230; 16 Ala. App. 665, 81 South. 185; 203 Ala. 131, 82 South. 161. The question is not what the employer believed about the age of the child, but how old the child was. 179 Ala. 186, 60 South. 583.

ANDERSON, C. J. [1-3] The first assignment of error insisted upon is the refusal of the trial court to give the defendant's requested charge 3. At the outset it is sufficient to say that this charge was, in effect, fully covered by given charges 1 and 2, as they are duplicates of refused charge 3 as to counts 1 and 3, respectively, the only two counts under which the case was tried. Counsel argue the case as if the defendant had requested and should have been given the general affirmative charge. Refused charge 3 was not the general affirmative charge, in that it uses the word "may" instead of "must." If, however, such a charge had been asked in proper form, we could not put the trial court in error for refusing the same, or intelligently pass upon such ruling under the present condition of the record. The record shows that the original complaint consisted of counts 1 and 2, that it was subsequently amended by striking out count 2 and adding amended count 3, and that the case was tried upon counts 1 and 3; yet amended count 3 does not appear anywhere in the record. It is proper to suggest, however, that the act of 1915 (page 193) not only amends section 1035 of the Code of 1907 as to the age limit of the minor employé in or about a mine, but by subdivision 11 of section 6 broadens or enlarges places so as to include what might be termed an upground as well as an underground mine, as it uses the word "quarry" also, and if the place from which the ore was being extracted was not an underground mine so as to come within the influence of section 1035 of the Code, as construed in the case of Sloss-Sheffield Co. v. Bearden, 199 Ala. 132, 74 South. 230, but was being extracted from an upground pit or depression for use, as distinguished from merely removing the same for purposes of excavation or leveling, it would no doubt be an iron ore quarry within the meaning and purview of the act of 1915. Guffey v. Murrel, 127 La. 466, 53 South. 705. While the act of 1915 (page 193) was passed before the rendition of the opinion in the case of Sloss-Sheffield Co. v. Bearden, 199 Ala. 132, 74 South. 230, the cause of action arose prior to the passage of same, and consequently it was not treated or considered in said case.

[4] It is well settled that hearsay evidence is admissible to prove pedigree, and this term embraces not only questions of descent and relationship, but also the particular facts of birth, marriage, and death, and the time when these events may have happened. Such evidence is admissible not only from the extreme difficulty of producing any better, but is resorted to upon the interest of the declarants in all such matters of family relationship and connection. These declarations, however, whether in writing or by word of mouth, should be confined to some member of the family as distinguished from a general rumor or neighborhood reputation as to the party involved, and as a predicate therefor it must appear that the declarant has since died. Landers v. Hayes, 196 Ala. 533, 72 South. 106.

[5, 6] It would therefore seem that, as the parents of this plaintiff were living at the time of the trial, what purported to be their affidavit as to the plaintiff's age was not admissible under the foregoing rules as declarations by them as to the plaintiff's age; but, the plaintiff not only being a party to the cause, but having testified that he was under 16 years of age, the trial court properly admitted the paper purporting to be the affidavit of his parents in evidence for the purpose of impeaching him by his contradictory state-

ments and declarations. In other words, having sworn that he was under 16 years of age, the fact that he had exhibited to the defendant's employé or superintendent a written document indicating that he was older would at least amount to a declaration or statement by him contrary to his testimony, and this would be true whether he had fabricated the document or it was genuine, as this would affect his sincerity and motive and the probative force of his evidence as to his age.

[7] The plaintiff testified as to facts connected with what purported to be the affidavit of his parents, and, in effect, that the same was never made by them or delivered to them by Thompson, the justice of the peace, but was signed by said Thompson and delivered to him, the plaintiff, in the absence of his parents. The trial court therefore erred in not permitting the defendant to prove by Thompson the contradictory facts that the affidavit was made by the plaintiff's parents and delivered to them instead of its having been made and delivered under the conditions as testified to by the plaintiff. The fact that what purported to be the affidavit, which was intended by the plaintiff as a statement or representation of his age was false or genuine; and which fact was known to him, was a material factor affecting his motive or intent in using said document, and naturally affected his credibility as a witness and the force and effect of his testimony as to his age.

The judgment of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes