(119 So. 13)

BATTERTON v. CITY OF BIRMINGHAM et al. (6 Div. 995.)

Supreme Court of Alabama. Nov. 15, 1928.

Rehearing Denied Dec. 20, 1928.

490

Nesbit & Sadler, of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellees.

Brief did not reach the Reporter.

GARDNER, J. Appellant owns a valuable lot on the southeast corner of Twenty-Fourth street and First avenue in the city of Birmingham, on which is located a building rent-ed for wholesale purposes. The city of Birmingham, in conjunction with a number of railroad companies, erected a viaduct over said Twenty-Fourth street from First avenue on the north to Avenue B on the south. Appellant's property fronts on First avenue 50 feet and runs back with uniform width to Morris avenue, which is the avenue immediately south of First avenue.

Appellant insisted his property was damaged by the erection of the viaduct, and brought this suit against the city, the several railroads interested, and the construction company, to recover the damages then sustained. He offered proof, upon the trial, tending to show a depreciation in value of his property to the extent of $15,000.

On the other hand, defendants' evidence tended to show that the property had suffered no damage whatever, but, on the contrary, according to some of the testimony, had been in fact increased in value by the erection of the viaduct.

The issues of fact thus presented were submitted to the jury, resulting in a verdict for defendants, and from the judgment following, plaintiff prosecutes this appeal.

There was evidence tending to show a diminution to this property as to light and air by the construction of the viaduct. Plaintiff's property abutted on Twenty-Fourth street, which is "not only public, but public in all its parts, not only for the movement of men and things on it, but the easement of light, air, and view." First Nat. Bank v. Tyson, 144 Ala. 457, 39 So. 560; 1 Thompson on Real Property, § 540. Plaintiff therefore could maintain an action for interference with light and air to his property (authorities supra), and he was entitled to be compensated for any damage thus sustained. City of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433; Town of Avondale v. McFarland, 101 Ala. 381, 13 So. 504.

It is therefore insisted that the court committed reversible error in giving charge 3 at defendants' request (fifth assignment of error), which instructed the jury against the award of any damages on account of obstruction of light. The complaint (which consists of one count) was specific in designation of the elements of damage sustained by plaintiff in the erection of the viaduct, and contains no reference to obstruction of light or air. The action of the trial court in giving said charge was evidently based upon the fact that no claim was made therefor in the complaint, and we conclude the court was so justified, and that no reversible error is made to appear.

Any interference with the ingress and egress to and from plaintiff's property affected its value, and if charge 24, given for defendants, is to be interpreted otherwise, the giving of said charge would constitute error.

The charge merely instructs the jury against the award of damages for "alleged disadvantages in loading trucks with goods." The property was not shown to be used and occupied by plaintiff himself, but was rented, and, manifestly, plaintiff could not recover for any inconvenience suffered by the tenant, but only as it affected the rental or market value of the property. It may be the charge has a misleading tendency, but we cannot find there was reversible error in giving it.

It is settled by our authorities that the jury is not bound by the opinion of experts. Robinson v. Crotwell, 175 Ala. 205, 57 So. 23; Birmingham Ry., Light & Power Co. v. Sloan, 199 Ala. 268, 74 So. 359; Sloss-Sheffield Steel & Iron Co. v. Bearden, 202 Ala. 220, 80 So. 42; L. & N. R. R. Co. v. Jacobson (Ala. Sup.) 118 So. 565,[1] present term; Andrews v. Frierson, 144 Ala. 470, 39 So. 512.

We do not construe the charge given for defendants, which constitutes the sixteenth assignment of error, as instructing the jury they may capriciously disregard the opinion evidence of experts. It is the duty of the jury to duly weigh and consider all evidence offered in the cause, but if upon due consideration they are not impressed with the expert evidence, which is not binding on them, then they may disregard the same. The charge may well have been refused as misleading, but it states no incorrect proposition of law, and no reversible error was here committed.

Previous to the erection of the viaduct, Twenty-Fourth street was entirely open its full-width from First avenue through Avenue B, and across the tracks of the railroad. Plaintiff offered in evidence an ordinance of the city of Birmingham vacating as a public street or highway all that portion of Twenty-Fourth street between Morris avenue and Powell avenue. The construction of the viaduct left a passageway 15 feet in width along said street on each side of the viaduct. The evidence offered by defendant over plaintiff's objection (seventeenth assignment of error) was to the effect that travel over this passageway of 15 feet on each side was still continued. Defendants were thus permitted to merely show the actual fact in reference to the condition then prevailing. The fact that the passage over that portion of the street vacated by the ordinance may have been permissive only would lessen the force thereof, but would not wholly destroy its effect as relevant evidence. This was a matter for explanation and instruction to the jury. The evidence was not improperly admitted.

Nor do we think the court committed error in sustaining defendants' objection to the question complained of in the eighteenth assignment of error. Its admission would have called for inquiry as to retail store conditions covering a period of 25 years in various sections of the city. The inquiry in this respect in the instant case was confined to the vicinity of the section of the city where this property was located.

We have here considered the assignments of error argued in brief of counsel for appellant, and find no error to reverse.

The judgment of the court below will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

