121 So.2d 898

Clarence W. MORDECAI et al.

v.

Walter H. CARDWELL.

Clarence W. MORDECAI et al.

v.

Virginia H. CARDWELL.

6 Div. 514, 515.

Supreme Court of Alabama.

June 30, 1960.

Marvin Cherner, Birmingham, and James D. Hammonds, Bessemer, for appellees.

Sadler, Sadler, Sullivan & Herring, Birmingham, for appellants.

LAWSON, Justice.

Mrs. Virginia Cardwell brought suit in the Circuit Court of Jefferson County, Bessemer Division, against Clarence W. Mordecai and Jack Swanzy to recover damages for personal injuries which she alleged she sustained on November 23, 1957, while riding in a taxicab operated by an agent of the defendants. There were two counts in the complaint, one charging negligence and the other wantonness.

Walter H. Cardwell, the husband of Virginia Cardwell, also brought suit against the same defendants claiming damages for the loss of services and society of his wife and for expenses incurred in the treatment of her injuries. His complaint also consisted of a count charging negligence and a count charging wantonness.

Demurrer interposed by the defendants to the complaint in each case was overruled and the defendants pleaded in each case the general issue in short by consent in the usual form.

The two cases were consolidated and tried together under the statute authorizing circuit courts in counties of 300,000 or more population to consolidate pending causes of like nature. § 221, Title 7, Code 1940. The trial resulted in separate verdicts in favor of the plaintiffs. Judgments were rendered in accordance with the verdicts.

The judgment in favor of Mrs. Virginia Cardwell was for $3,500 and that in favor of Walter H. Cardwell was for $1,500.

The defendants filed a motion for new trial in each case.

The motion for new trial in Mrs. Virginia Cardwell's suit was overruled. In Walter H. Cardwell's suit a remittitur of all damages in excess of $1,000 was filed and the defendants' motion for new trial was then overruled. From the judgment in favor of each plaintiff, as well as the judgments overruling their motions for new trials, the defendants appealed to this court. The appeals were consolidated and submitted here on one record.

The questions in the Virginia Cardwell case are (1) whether the jury was authorized to include in its verdict an assessment of damages for permanent injury and, if so, (2) was the verdict excessive?

The first proposition was raised by the defendants in the trial court by their requested charge 20, which the trial court refused to give, and the second by motion for new trial.

A short recitation of the substance of the proof of Mrs. Cardwell's injuries will serve to illustrate our conclusion that both propositions must be resolved against the contentions of the appellants.

Mrs. Cardwell suffered superficial eye, knee and elbow injuries. According to the testimony of a doctor, she suffered from a fairly severe cervical strain or sprain to her neck, with some tear of ligaments or soft tissue structures. She has shown evidence of nerve trunk involvement. She showed diminished sensaation in those areas of her left hand served by a big nerve which goes from the head down the arm to the fingers. She had a weakness of grip in her left hand, muscle spasm or fullness of muscles on the left side of her neck, and limitation of motion in turning her head and neck.

At the time of the trial, more than fourteen months after the accident, Mrs. Cardwell was "sleeping in a brace, a traction, with a five-pound weight on it at night." She was still bothered with numbness in her arm and weakness of grip in her left hand. She could not move her head or neck freely because of pain.

In regard to the duration of her injuries, the physician who testified on behalf of Mrs. Cardwell was asked the following questions and gave the following answers:

"Q. Now, can you give us any opinion as to whether or not there will be—whether it will heal or if she will ever get over this damage or not?

\*   \*   \*   \*   \*   \*

"A. Well, you see, patients with these nerve changes and weakness that prolonged treatment do clear up with that, and you can say this, that she possibly could, or would, clear up.

"Q. She could possibly clear up? A. Definitely could possibly clear up.

"Q. You couldn't say definitely? A. I couldn't say it would be a permanent residual damage, but—no, but it has gone on longer than usual and I expect it will go on longer because she still has a good bit of damage."

We are not going to undertake to review the cases from other jurisdictions which counsel for appellants have pressed upon us. We are clear to the conclusion that under our own cases the evidence in this case presented a jury question as to whether or not Mrs. Cardwell had suffered permanent injury. Alabama Great Southern R. Co. v. Taylor, 196 Ala. 37, 71 So. 676; Birmingham Electric Co. v. Cleveland, 216 Ala. 455, 113 So. 403; City of Birmingham v. Levens, 241 Ala. 47, 200 So. 888; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Gray v. Cooper, 216 Ala. 684, 114 So. 139; Sloss-Sheffield Steel & Iron Co. v. Bearden, 202 Ala. 220, 80 So. 42; Southern Ry. Co. v. Simmons, 237 Ala. 246, 186 So. 566; Lindsey v. Kindt, 221 Ala. 190, 128 So. 139.

■■ There is no yardstick by which compensatory damages for pain and mental suffering can be measured and the ascertainment of the amount plaintiff is due as recompense for these elements of damage must of necessity be left to the sound discretion of the jury, subject only to correction by this court for clear abuse or passionate exercise. When the presiding judge refuses to grant a new trial, the favorable presumption attending the verdict of the jury is thereby strengthened and on a review of the question here we will not overturn the verdict of the jury or reverse the ruling of the trial court in refusing the new trial unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive and that the excessiveness of the verdict was the result thereof. Birmingham Electric Co. v. Howard, supra.

■ We do not find in the verdict in the Virginia Cardwell case any such abuse or passionate exercise or other improper motive. On a careful study of all the evidence, we think an affirmance of the judgment in her case to be the just conclusion. It is difficult to appraise the extent of such an injury as the evidence tends to show Mrs. Cardwell suffered, but the jury could have well inferred it to be of serious enough character to have warranted the amount of $3,500.

The only argument for the reversal of the judgment finally entered in the Walter H. Cardwell case is that his damages as finally fixed are excessive.

■ Here the trial court has shown its disapproval of the $1,500 verdict, but it has adjudged, in effect, that the sum of $1,000 is a just award under the facts and circumstances of this case for the expenses incurred in the treatment of his wife and for his loss of her society, consortion and

services. We are not inclined to disturb the trial court's judgment in that regard.

Judgments affirmed.

Affirmed.

STAKELY, GOODWYN and MERRILL, JJ., concur.