139 So.2d 342

John A. GREEN et al.

v.

Mrs. Lena DE GRADO et al.

6 Div. 713–714.

Supreme Court of Alabama.

March 22, 1962.

Mead, Norman & Fitzpatrick, Birmingham, for appellants.

Frank L. Parsons, Birmingham, for appellees.

LAWSON, Justice.

Mrs. Lena DeGrado brought suit in the Circuit Court of Jefferson County against John A. Green, John Green, Jr., and Mose Carmichael to recover damages for personal injuries which she alleged she sustained on December 17, 1958, while riding in an automobile with her husband, Joe DeGrado, which was hit from the rear by a truck being driven by the defendant Mose Carmichael. There was only one count in the complaint which charged negligence.

Joe DeGrado, the husband of Lena De-Grado, also brought suit against the same defendants. In Count 1 he claimed damages for personal injuries and for damage to his automobile. In Count 2 he claimed damages for the loss of services and society of his wife and for expenses incurred in the treatment of her injuries. Both counts of the complaint charged the defendants with negligence.

The defendants pleaded in each case the general issue in short by consent in the usual form.

The two cases were consolidated and tried together under the statute authorizing circuit courts in counties of 300,000 or more population to consolidate pending causes of like nature.—§ 221, Title 7, Code 1940. The trial resulted in separate verdicts in favor of the plaintiffs. Judgments were rendered in accordance with the verdicts.

The judgment in favor of Mrs. Lena De-Grado was for $2,500 and that in favor of Joe DeGrado was for $5,000.

The defendants filed motions for new trial. The motions for new trial were overruled and defendants appealed to this court. The appeals were consolidated and submitted here on one record.

The only argument for the reversal of the judgments is that the trial court erred in overruling the grounds of the motions for new trial which took the point that the damages awarded are excessive.

We think that a short recitation of the substance of the proof of the injuries sustained by the plaintiffs will serve to illustrate our conclusion that reversible error is not made to appear in the action of the trial court in overruling those grounds of the motion for new trial.

Following the accident, Mrs. DeGrado complained of pain in her neck, right shoulder and the right side of her chest and of recurring headaches.

The doctor who saw Mrs. DeGrado a day or two after the accident and who treated her for several months thereafter testified that when he first saw her she had a muscle spasm and limitation of motion in her back that radiated down into the right shoulder. The doctor made a diagnosis of whiplash injury of the cervical spine. According to the doctor's testimony, swelling and tearing of muscles are physiological features of a whiplash injury, although such an injury may result from a simple muscle strain. Mrs. DeGrado's injury was such that she was examined and treated by her doctor on twenty-seven separate occasions. The last treatment was on March 20, 1959. The doctor's prognosis was indefinite in that he entertained the view that as time goes on, following a whiplash injury, a person may develop evidence of a ruptured intervertebral disc or may develop arthritis. At the time of the trial, which was nearly two years after the accident, Mrs. DeGrado suffered with pain in her neck on occasions.

There is no yardstick by which compensatory damages for pain and mental suffering can be measured and the ascertainment of the amount Mrs. DeGrado is due as recompense for these elements of

damage must of necessity be left to the sound discretion of the jury, subject only to correction by this court for clear abuse or passionate exercise. When the presiding judge refuses to grant a new trial, a favorable presumption attending the verdict of the jury is thereby strengthened and on a review of the question here we will not overturn the verdict of the jury or reverse the ruling of the trial court in refusing the new trial unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive and that the excessiveness of the verdict was the result thereof. Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.

 It is difficult to appraise the extent of such an injury as the evidence tends to show Mrs. DeGrado suffered but the jury could well have inferred it to be of serious enough character to warrant the amount of $2,500. We sustained a verdict of $3,500 awarded for somewhat similar injuries in the case of Mordecai v. Cardwell, 270 Ala. 723, 121 So.2d 898.

■ The same doctor who treated Mrs. DeGrado also treated her husband. He testified that when he first saw Mr. DeGrado on December 19, 1958, he was suffering with pain in the lower part of his back which extended down the left leg. He also suffered pain in the cervical region of his neck and had limitation of neck motion and muscle spasm. He complained of a persistent headache. He had pain and a "clicking" in the right temporal mandibular joint. He had pain with limitation of motion in the right knee. In regard to Mr. DeGrado the doctor made a diagnosis of a whiplash injury involving the cervical spine and back with an acute sprain of the temporal mandibular joint and an acute sprain .of the right knee.

Mr. DeGrado, like his wife, was treated a number of times by his physician for the injuries which he received in the accident. These treatments consisted in the main of physiotherapy and extended into March of 1959. Mr. DeGrado complained of pain which continued on up until the time of the trial.

In addition to the personal injuries sustained by Mr. DeGrado in the accident, the jury was entitled to compensate him for the loss of services and society of his wife and the evidence shows that the bill for the doctor's services to Mr. DeGrado and his wife totaled $401. The evidence further showed that Mr. DeGrado's automobile was damaged to the extent of $900.

We are unwilling to say that under the evidence presented the trial court erred in overruling the grounds of the motions for new trial which took the point that the verdicts are excessive.

It follows that the judgments appealed from are due to be affirmed. It is so ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL. and COLEMAN, JJ., concur.