Duke Flournoy, Sr., died intestate in 1973. The record discloses that Flournoy, Sr., fathered two legitimate sons, Duke Flournoy, Jr., and Harry Flournoy, both of whom are deceased. Harry Flournoy died without issue or spouse, and his estate is pending in New York. Duke Flournoy, Jr., is survived by the appellees herein, Douglas Flournoy, James M. Flournoy, Milton Flournoy, and Darlene F. Curtis. Annie Reid claims to be the illegitimate daughter of Flournoy, Sr. On October 1, 1990, she applied for and was appointed administratrix of the estate of Flournoy, Sr., by the Probate Court of Chambers County, Alabama. The record also reveals that Reid had previously filed and applied for letters of administration on the estate of Harry Flournoy, asserting her claim by and through Flournoy, Sr., in the Surrogate's Court of the State of New York.
Upon learning of the grant of letters of administration in Chambers County, appellees filed a complaint in the Circuit Court of Chambers County, asking that the administration of the estate be transferred to the Circuit Court. The appellees asserted that Reid was not the legitimate child of Flournoy, Sr., and therefore was not entitled to any share of the estate of Flournoy, Sr. Additionally, the appellees alleged that Reid had committed fraud upon the court, and should be removed as administratrix of said estate. The estate was thereafter removed from probate court to circuit court. Reid answered, admitting that since her right to inherit was questioned, the issue of paternity should be determined by the circuit court.
After receiving the evidence ore tenus, the circuit court entered an order finding that Reid was not the child of Flournoy, Sr. Hence, this appeal.
Reid argues that the trial court erred in excluding certain testimony regarding pedigree and family history; erred in admitting written documents purportedly written by Flournoy, Sr., as his will; and erred in construing evidentiary requirements of Ala. Code 1975, § 43-8-48.
We note that where evidence is presented ore tenus, a presumption of correctness attaches to the trial court's findings which will not be disturbed unless palpably erroneous, without supporting evidence, or manifestly unjust. Howell v.Bradford, 570 So.2d 643 (Ala. 1990).
Reid correctly argues that hearsay evidence is admissible to prove pedigree. Faggard v. Filipowich, 248 Ala. 182,27 So.2d 10 (1946). "These declarations, however, whether in writing or by word of mouth, should be confined to some member of the family as distinguished from a general rumor or neighborhood reputation as to the party involved, and as a predicate therefor, it must appear that the declarant *Page 1026 
has since died," Sheffield Iron Corp. v. Dennis, 204 Ala. 530,531, 86 So. 467 (1920), and that the statements were made prior to the time the controversy arose. Palmer v. State, 165 Ala. 129,51 So. 358 (1909).
Reid argues that the trial court erred in refusing to allow her to testify as to statements her mother allegedly made regarding her paternity, and to statements allegedly made to her by Flournoy, Sr., that she was his daughter. The record reveals that other witnesses testified that Flournoy, Sr., attested to Reid being his daughter in their presence. Still further, Reid testified that Flournoy, Sr., acknowledged their relationship in the presence of her friends. Numerous other witnesses testified to statements made by Flournoy, Sr., regarding the relationship. Such testimony from Reid was merely cumulative, and therefore, if it were error to disallow Reid's testimony, it was harmless. Rule 45, A.R.App.P.
Reid next argues that the trial court erred in admitting handwritten documents identified as being written by Flournoy, Sr., and purporting to be holographic wills. The documents were introduced and received as evidence merely to prove pedigree, and were admissible for the purpose of establishing who Flournoy, Sr., believed were his children. Faggard, supra;Sheffield Iron Corp., supra.
Lastly, Reid argues that the trial court improperly construed the evidentiary requirements of Ala. Code 1975, § 43-8-48, where paternity proven after the death of the father is required to be established by clear and convincing proof. Both parties aptly point out that clear and convincing proof is more than a preponderance of the evidence. Evidence that is clear and convincing requires a stronger showing than merely substantial evidence. See, Lowman v. Piedmont Executive Shirt ManufacturingCompany, 547 So.2d 90 (Ala. 1989). Evidence was offered which, if believed, was necessary to prove Reid's case; however, the trial court heard and saw the witnesses and had the opportunity to judge their demeanor and credibility. Additionally, the evidence presented by Reid was disputed by evidence presented by the appellees; therefore, the record contains evidence supporting the contentions of both sides. In determining the weight to be accorded a witness's testimony, the trial court, as the sole judge of the credibility of a witness, considers the demeanor and the "apparent candor or evasiveness" of the witness. Brown v. Brown, 586 So.2d 919, 921 (Ala.Civ.App. 1991). As such, the trial court may disbelieve and disregard portions of testimony and should accept only that testimony it considers worthy of belief. Brown, supra; and James v.James, 532 So.2d 1031 (Ala.Civ.App. 1988).
Reid asserts that she attended the funerals of Flournoy, Sr., and Harry Flournoy, and sat with the family. Other members of the family denied that fact. Reid's witnesses attested to the fact that they heard Flournoy, Sr., refer to Reid as his daughter. The other members of the family testified that they never heard such rumors until after the deaths of Duke Flournoy, Jr., Harry Flournoy, and Harry's wife. The evidence in the record indicates that Reid's actions did not begin until all persons who could best refute or support her claims were deceased. Reid never used the name Flournoy and no proceedings were brought during the lifetime of Flournoy, Sr., to establish paternity. Additionally, both she and her witnesses appeared confused as to certain dates and events. This evidence supports the court's decision and finding that Reid failed to establish by clear and convincing evidence that she was a child of Flournoy, Sr.
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 1027