160 So.2d 479

Harold R. LANGDON

v.

Hawthorne MILLER.

6 Div. 979.

Supreme Court of Alabama.

Jan. 30, 1964.

------◆------

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Rogers, Howard, Redden & Mills, Birmingham, for appellee.

PER CURIAM.

Appellant (defendant below), a physician, appeals from a judgment rendered in the Circuit Court of Jefferson County, for $4,000.00, predicated on a general verdict of the jury. The verdict is referable to either of three counts, two for negligence, and one for wantonness, which charge that the defendant, while professionally treating plaintiff, spilled or poured a liquid chemical substance on plaintiff's back, thus causing it to be burned, scarred or seared, to plaintiff's damages as catalogued in the complaint.

The only assignment of error argued here, the others being specifically waived in appellant's brief, is that the verdict of the jury is excessive and that the trial court erred in overruling defendant's motion for a new trial. The motion presented such insistence.

■ We think the assignment is without merit. The jury had for consideration actual and punitive damages alleged in the complaint. We will not undertake to delineate the testimony as to actual damages, but sufficient it is that such damages included cost of medical treatment for the injuries, pain and suffering, disfigurement from scars, and punitive damages claimed.

Punitive damages which the jury could have assessed, W. E. Belcher Lumber Co. v. Harrell, 252 Ala. 392, 41 So.2d 385(6), was addressed to the jury's sound judgment without a formula for admeasurement. Sheffield Co. v. Harris, 183 Ala. 357, 61 So. 88(12).

■ There is no fixed standard for ascertainment of compensatory damages recoverable here for physical pain and mental suffering, but the amount of such award is left to the sound discretion of the jury. Mordecai v. Cardwell, 270 Ala. 723, 121 So.2d 898(2).

■■ Verdicts are presumed to be correct and no ground of a motion for a new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Smith v. Smith, 254 Ala. 404, 48 So.2d 546(6).

■ The presumption in favor of the correctness of a jury's verdict alleged to be excessive is strengthened when the trial judge, as here, overrules a motion for a new trial. Mordecai v. Cardwell, 270 Ala. 723, 121 So.2d 898(3).

■ The present value of a dollar as compared with its value in former years must be considered in determining whether the amount awarded is excessive. Louisville and Nashville R. Co. v. Tucker, 262 Ala. 570, 581, 80 So.2d 288.

We have considered the evidence pertinent to the nature of the injuries or wounds, viewed the pictures of the scars on plaintiff's back, surmised the physical pain and mental suffering plaintiff must have endured, considered the nature and expense of medical treatment necessary and administered by another physician, from which, aside from punitive damages that the jury could have included, we think the jury was not only free from any bias or prejudice in reaching a verdict carrying an award of $4,000.00, but they were very conservative in the amount so awarded

We therefore affirm the judgment.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.