187 So.2d 558

**Sarah DURHAM, as Admrx.,**

**v.**

**Eva SIMS.**

**7 Div. 719.**

Supreme Court of Alabama.

June 2, 1966.

Rains & Rains, Gadsden, for appellant.

Robt. H. King, Gadsden, for appellee.

MERRILL, Justice.

'This is a personal injury action brought in the Circuit Court of Etowah County by Eva Sims against Sarah Durham, as Administratrix of the Estate of Thomas Winfred Durham, deceased.

Defendant's intestate was driving his automobile on Walnut Street in Gadsden, Alabama, in an easterly direction and turned left into an off-street parking area, provided by a housing project for the benefit of tenants and their guests, and in doing so, ran his car over a curb and into the side of an automobile owned by the plaintiff. The plaintiff, a resident of the housing

project, was attempting to enter her car from the driver's side when she saw the lights of the intestate's car approaching. In trying to escape the collision, plaintiff ran some ten to fifteen feet, but stumbled and fell, whereby she incurred head and back injuries which have caused her great pain and expense. The intestate's car did collide with plaintiff's car at a point where she had been standing. The plaintiff was not struck by the intestate's car. At the time of the accident, the intestate was intoxicated. The evidence is without dispute that the defendant's intestate was at fault.

The case was tried on Counts A and C, both alleging simple negligence. At the close of the trial, the affirmative charge with hypothesis was given in favor of the plaintiff. The verdict of the jury was in favor of the plaintiff, assessing damages for personal injuries and property damage in the amount of $4,500.00. Defendant's motion for a new trial was overruled, and this appeal followed.

The only question adequately raised and argued on this appeal is that the trial court erred in refusing to grant the motion for a new trial on the ground that the amount of the verdict was excessive.

Plaintiff testified to actual damages of $3,047.10, consisting of doctors' bills, $244.00; hospital, $490.70; medicine, $56.40; car repairs, $552.00; decreased value of car, $1,100.00, and loss of wages, $604.00.

Witnesses who saw her immediately after the accident and the next day said she complained of head, neck and back injuries

Dr. Charles D. Jordan testified that in examining plaintiff he found no broken bones, but plaintiff did complain of severe post-occipital headaches, sleepiness, blurred vision and dizziness. His examination revealed bruises in the lower back region with the muscles in the neck, lumbar area of the spine and the hip regions very tender. She

was very nervous on the first visit which probably aggravated the pain. Dr. Jordan stated that plaintiff went to the hospital in March, 1965, for treatment of said injuries. Dr. Jordan read Dr. Ford's x-ray report which stated that plaintiff complained of neck and back injuries and that she had osteoarthritis. The x-ray showed a narrowing of intervertebral spaces in the spine. This narrowing could have been caused by either osteoarthritis or by the accident, but it would be impossible to tell which was the cause. Dr. Jordan stated that the fall could have aggravated the osteoarthritis. The narrowing spaces of the spine would exist for the rest of her life. The doctor was unable to say what per cent of the injury was due to the fall. He stated that in March, 1965, the date plaintiff entered the hospital, she was fifty to seventy-five per cent disabled, but after two weeks in the hospital her condition was good. In the future, plaintiff would need to have physical therapy.

Whether damages awarded for personal injuries are excessive depends on the facts of the particular case. Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So. 2d 830.

There is no fixed standard for ascertainment of compensatory damages recoverable here for physical pain and mental suffering, but the amount of such award is left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise of that discretion. Vest v. Gay, 275 Ala. 286, 154 So.2d 297.

The presumption in favor of the correctness of a jury's verdict alleged to be excessive is strengthened when the trial judge, as here, overrules a motion for a new trial. Langdon v. Miller, 276 Ala. 195, 160 So.2d 479.

We do not find in the verdict any abuse or passionate exercise of discretion

or other improper motive. "It is difficult to appraise the extent of such a back injury, but the jury could have well inferred it to have been of serious enough character to have warranted the amount assessed." Birmingham Electric Co. v. Howard, supra; Stringfellow v. Rambo, 277 Ala. 349, 170 So.2d 494.

Affirmed.

LIVINGSTON, C. J., and COLEMAN and HARWOOD, JJ., concur.