318 So.2d 260

**ALABAMA POWER COMPANY,**
a corporation

v.

**John Lesley MOSLEY et al.**

**SC 831.**

Supreme Court of Alabama.

July 31, 1975.

Balch, Bingham, Baker, Hawthorne, Williams & Ward and James O. Spencer, Jr., Birmingham, and Inge, Twitty, Duffy & Prince, Mobile, for appellants.

396

M. A. Marsal and Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, for appellee, John Lesley Mosley.

MERRILL, Justice.

This is an appeal by the defendant, Alabama Power Company, from a judgment for $40,000.00 in favor of plaintiff, John Lesley Mosley, and plaintiff-intervenor, Fireman's Fund American Insurance Companies. The cause was submitted to the jury on four counts which alleged negligence on the part of Alabama Power in allowing high voltage uninsulated wires to remain near a billboard proximately causing Mosley's injuries.

Plaintiff was employed by Lamar Advertising Company and was working as an outside sign painter. On June 12, 1969, he was painting a 12′ x 50′ billboard on Highway 90 west of Mobile. Mosley had just started to paint at the top, left-hand corner of the signboard when the rear end of the 12-foot, aluminum handle extension in his paint roller either touched a 7,200 volt line or got so near the line that the electricity arced from the line to the handle. Mosley fell approximately 20 feet and received injuries to the head, chest and abdomen, plus burns on one hand and one foot.

Defendant's assignment of error No. 1 is that "the Court erred in improperly refusing to grant a new trial." It argues four grounds of its motion for new trial in support of this assignment.

Defendant contends that the trial court committed reversible error in giving plaintiff's requested charge # 15:

"The Court charges the jury that the three essential elements to establish contributory negligence in cases of this kind are that the party charged with contributory negligence (1) had knowledge of the existence of the dangerous condition, (2) with appreciation of such danger, (3) failed to exercise care for his own safety by putting himself in the way of such known danger."

Mr. Charles H. Senior, Mobile District Superintendent for Alabama Power, testified in his deposition that there were six conductors or groups of conductors (including telephone lines) running perpendicular to the signboard; that there were six conductors or groups of conductors (including telephone lines) running parallel to the signboard; that the closest power line in the parallel plane was 9′ 5″ away from the face of the signboard; that these wires had no cover or wrapping on them; that there were no warning signs on the high voltage lines at the place of the accident in question.

Plaintiff, John Lesley Mosley, on cross-examination by counsel for defendant, testified as follows:

"Q  *  *  *

And these photographs, all three of them, plainly show electric lines all in the pictures?

A  Yes.

Q  But you didn't see them on June 12, 1969?

A  Well, let's say I wasn't aware of those.

Q  You were not aware of them?
Did you see  .  .  .

A  I wasn't aware of the danger of them.

Q  You weren't aware of the danger of them?

A  Well, I didn't know what—I don't guess I seen them.

Q  But you're not really sure?

A  Well, you know, they was there and I probably knew they was there.

I wasn't aware there was any danger.

Q  You probably knew those electric lines were there?

A  Well, just like that pole.  The sign was there.  I knew the poles were there, holding up the sign.

Q  And you probably knew the electric lines were there?

A  Yes, sir; but I wasn't aware there was danger."

■  Defendant insists that plaintiff's requested charge # 15 imposes an almost impossible burden of proof, namely, that it must be shown that plaintiff had attempted willful self-injury before he could be found guilty of contributory negligence.  We disagree.

Charge # 15 is almost identical to the charge found in *Alabama Pattern Jury Instructions,* Civil, 30.05, page 489, under the heading "Assumption of Risk—Elements." There, it is said that the instruction may be used for contributory negligence under certain conditions.  It is not necessary to delineate those conditions here.

It has been said a number of times that the three elements essential to contributory negligence are that the party charged with contributory negligence (1) had knowledge of the condition or failure (2) appreciated the danger and (3) failed to exercise reasonable care in the premises, but with such knowledge and appreciation, put himself into the way of danger.  *Baptist Medical Center v. Byars,* 289 Ala. 713, 271 So.2d 847; *Kingsberry Homes Corp. v. Ralston,* 285 Ala. 600, 235 So.2d 371; *F. W. Woolworth Company v. Bradbury,* 273 Ala. 392, 140 So.2d 824; *Foster & Creighton Co. v. St. Paul Mercury Indemnity Co.,* 264 Ala. 581, 88 So.2d 825; *Mackintosh Co. v. Wells,* 218 Ala. 260, 118 So. 276.

■  Some of the cases cited supra involved assumption of risk.  In others, there was a special duty of care imposed upon the owner of the premises.  However, it has long been recognized that contributory negligence may also be predicated upon the failure to appreciate the danger when there is a reasonable opportunity to do so under the circumstances.  *Baptist*

*Medical Center v. Byars,* supra; *F. W. Woolworth Co. v. Bradbury,* supra; *Foster & Creighton Co. v. St. Paul Mercury Indemnity Co.,* supra; *Walker County v. Davis,* 221 Ala. 195, 128 So. 144; *Dwight Mfg. Co. v. Word,* 200 Ala. 221, 75 So. 979.

In *Walker County,* supra, this court said:

"It is often said that from the fact that plaintiff had knowledge of the physical condition, it does not necessarily follow that he appreciated the danger, and that there must either be an appreciation of the danger, or an opportunity to do so and negligence in that respect. 20 R.C. L. 110, 111. It is sometimes said that the appreciation of the danger may be actual or imputed. 45 C.J. 946. *And the negligence may consist in the failure to appreciate the danger when there is opportunity and knowledge sufficient to stimulate reasonable care in that respect. Dwight Mfg. Co. v. Word,* 200 Ala. 221, 75 So. 979; 45 C.J. 947. * * *" (Emphasis supplied.)

Moreover, in *Dwight Mfg. Co. v. Word,* supra, it was said:

" * * * Contributory negligence is not predicated solely on knowledge of the danger, and the certainty of injury to follow. If such were the rule, contributory negligence would be but a synonym for willful suicide or self-injury. If plaintiff had knowledge of facts sufficient to warn a man of ordinary sense and prudence of the danger to be encountered, and of the natural and probable consequences of his own conduct in the premises, then he was guilty of negligence if he failed to exercise ordinary care to discover and avoid the danger and the injury. 29 Cyc. 513, c; Id. 515, d; *Sloss S. S. & I. Co. v. Reid,* 191 Ala. 628, 68 South. 136. See, also, Curtis on Law of Elec. §§ 531, 537."

The elements of contributory negligence —knowledge, appreciation of the danger, and failure to exercise reasonable care,—as contained in the questioned charge, may not be a complete statement of the law in every instance. In such an event, explanatory charges can supply any deficiency, and any deficiency in plaintiff's requested charge # 15 was remedied by the giving of defendant's requested charge # 25, which is as follows:

"I charge you that if you are reasonably satisfied from the evidence, that the plaintiff, John Lesley Mosley, on the occasion complained of knew of the presence of said electric wire referred to in the Complaint and knew that said electric wire was carrying a current of electricity and that it would be dangerous to life or limb for him to come in contact with said electric wire or in contact with any conductor of electricity which itself was in contact with said electric wire, *or that by the exercise of ordinary care, John Lesley Mosley should have had such knowledge;* then, the Court charges you that John Lesley Mosley was at the time and place referred to in the Complaint in this case under a duty to exercise reasonable care commensurate with such danger to avoid being injured by such wire; and if you are further reasonably satisfied from the evidence that John Lesley Mosley on the occasion complained of, was guilty of the slightest lack of due care which a reasonable and prudent man under the same or similar circumstances would have used and that such lack of due care proximately contributed to his injuries, then I charge you that you cannot find for the plaintiff and against the defendant, Alabama Power Company. (Emphasis supplied.)

The emphasized clause supplied any deficiency under the facts of the instant case.

Defendant also contends that the trial court erred in giving plaintiff's requested charge # 1(a):

"The Court charges the jury that under the undisputed facts in this case that

the Defendant's 7,200 volt power lines adjacent to the sign in question were uninsulated lines as a matter of law as the term 'insulation' applies to the duty of a utility to insulate its lines carrying electricity of dangerous potential whenever such utility can reasonably anticipate that persons pursuing business or pleasure are likely to come in contact with such lines."

This charge was apparently given for the purpose of clarifying the following additional testimony of Mr. Senior:

"Q Mr. Senior, you don't mean to tell this jury that that wire out there that wasn't wrapped with anything was insulated; do you?

A Yes, sir.

Q Well, what was it insulated with?

A It's insulated, for one thing, with a ceramic insulator, and two, by air; and air is the finest—a perfect vacuum or air is still used in Thermos jars and whatnot. It's one of the best insulators there is."

This court quoted the following with approval. in *Dwight Mfg. Co. v. Word,* 200 Ala. 221, 75 So. 979; *Alabama Power Co. v. Cooper,* 229 Ala. 318, 156 So. 854, and *Alabama Power Co. v. Smith,* 273 Ala. 509, 142 So.2d 228:

" 'The duty of an electric company, in conveying a current of high potential, to exercise commensurate care under the circumstances, requires it to insulate its wires, and to use reasonable care to keep the same insulated, wherever it may reasonably be anticipated that persons, pursuing business or pleasure, may come in contact therewith. This statement of the rule implies that, in the absence of statute or municipal ordinance, it is not necessary to insulate wires which are so placed that no one could reasonably be expected to come in proximity to them.' Curtis on Law of Electricity, § 510."

■ Plaintiff's requested charge # 1(a) may have been misleading in that it might have been understood to imply that Alabama Power breached its duty to exercise due care. Any deficiency, however, in the plaintiff's requested charge was remedied by the giving of defendant's requested charge # 6, which reads:

"The Court charges the jury that there is no duty upon an electric company with reference to insulating or safeguarding its wires from contact at a point where it cannot be reasonably anticipated that any person would likely or probably come in contact therewith or be injured thereby."

Defendant next insists that the trial court erred in refusing to give defendant's requested charge # 21:

"I charge you that John Lesley Mosley owed a duty to use ordinary care for his own safety and to that end to observe the conditions surrounding him while at work and the dangers, if any, which would be open and obvious to one using reasonable care and caution for his own safety and thereupon to use the care of an ordinarily prudent workman so as to carry on his work as to guard against injuries to himself, insofar as by such reasonable care he could protect himself; and I charge you that if you are reasonably satisfied from the evidence that John Lesley Mosley, on the occasion of the accident referred to in the Complaint, failed to exercise such reasonable care and caution for his own safety and that this failure proximately contributed to his injuries and damages, then you cannot return a verdict for the plaintiff."

■ Though we do not say whether or not this charge was in every respect a correct statement of the law in this case, we are convinced that it was refused without error, because the same rule of law was substantially covered in defendant's given requested charge # 34:

"I charge you that if you are reasonably satisfied form the evidence in this

case that under all the circumstances and conditions existing at the time of the incident made the basis for this suit, the danger of coming into contact with said electrical wire or any conductor of electricity which was in contact with the said electrical wire was an obvious danger, which plaintiff, John Lesley Mosley, knew or in the exercise of reasonable care should have known in time to have avoided his injuries, and that nevertheless, said John Lesley Mosley negligently came into contact with said electrical wire or conductor of electricity which was in contact with the said electrical wire, as a proximate consequence of which he was injured, then you cannot return a verdict in favor of the plaintiff and against the defendant."

One of the argued grounds of the motion for a new trial is that the verdict was excessive. Mosley was 28 years old at the time of the accident. The evidence presented at trial showed that plaintiff received second and third degree burns to one hand and one foot; that a skin graft was applied over the burned area on the left foot; that he had some broken ribs and a contused lung; that it became necessary to remove plaintiff's spleen; and that he was unconscious for three days as a result of a head injury. Dr. Green, Plastic and Reconstructive Surgeon, gave plaintiff a 25% total permanent disability of the foot, and Dr. Robert Mudd, a neuro surgeon, gave him a 10% permanent partial disability to his body as a whole. The plaintiff was hospitalized twice for a total of 38 days and incurred $4,001.45 in medical expenses. Mosley did not return to work for almost six months and lost approximately $20.00 per week in wages not covered by Workmen's Compensation.

■ Whether damages awarded for personal injuries are excessive depends on the facts of the particular case. *Williams v. Williams,* 283 Ala. 292, 216 So.2d 181; *Durham v. Sims,* 279 Ala. 516, 187 So.2d 558.

■ There is no fixed standard for ascertainment of compensatory damages recoverable here for physical pain and mental suffering, but the amount of such award is left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise of that discretion. *Durham v. Sims,* supra; *W. S. Fowler Rental Equipment Co. v. Skipper,* 276 Ala. 593, 165 So.2d 375.

■ The presumption in favor of the correctness of a jury's verdict alleged to be excessive is strengthened when the trial judge, as here, overrules a motion for new trial. *Durham v. Sims,* supra; *W. S. Fowler Rental Equipment Co. v. Skipper,* supra.

■ We do not find in the verdict any abuse or passionate exercise of discretion or other improper motive.

Assignment of error No. 2 charges that the court erred in refusing to grant defendant's motion for a judgment notwithstanding the verdict.

This court has long been committed to the proposition that the plaintiff's appreciation of the danger is almost always a question of fact for the determination of the jury. *Bradbury,* 273 Ala. 392, 140 So. 2d 824; *Ralston,* 285 Ala. 600, 235 So.2d 371. A jury question was presented in the instant case.

We have also held that whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. *Foster & Creighton Co. v. St. Paul Mercury Ind. Co.,* 264 Ala. 581, 88 So.2d 825.

■ A question for the jury was presented and the court correctly overruled the motion for a new trial; and the motion

**402**

for judgment notwithstanding the verdict was also properly overruled.

The remaining argued assignments of error are concerned with the refusal of the court to give some 5 written requested charges for the defendant and the giving of some 8 written charges requested by the plaintiff. In support of each of these assignments, the following statement is made in brief:

"Appellant's argument set forth under Assignment of Error No. 1 above is incorporated here as its argument of this Assignment insofar as it relates thereto."

We have held that it is permissible to adopt by reference the argument used in support of one assignment of error, in support of another; but the adopted argument must be pertinent to and supportive of the assignment of error for which it is adopted. *Sealy v. McElroy,* 288 Ala. 93, 257 So.2d 340.

It is not necessary to quote these charges. We are convinced that the refusal to give them did not constitute reversible error because they were covered by the oral charge, or, as to the 5 charges, by one of the 22 given written charges requested by the defendant.

ARCP No. 51 provides in part: "The refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's oral charge or in charges given at the request of the parties." This applies to most of the 5 charges in question.

Under the facts of this case, we find no reversible error in the giving of the 8 written charges requested by the plaintiff. The adopted argument under defendant's assignment of error No. 1 was not pertinent to all of them.

Affirmed.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.