This is an appeal from a verdict and judgment in the Circuit Court of Bullock County for the plaintiffs, Eddie Mae Parker and Charles Allen, in the amount of $10,000 per plaintiff. The suit arose out of a claim for compensatory damages for injuries suffered by Parker and Allen as a result of the ingestation of particles of glass from a Coca-Cola bottled in Montgomery, Alabama, by the defendant company (Coca-Cola). Plaintiff-appellee's theory of recovery against Coca-Cola was predicated upon the Alabama Extended Manufacturer's Liability Doctrine and breach of warranty. Coca-Cola's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial, was denied by the trial court.
The only issue raised on appeal is whether, under the particular facts and circumstances pertaining to the award of compensatory damages in this case, the jury award to each plaintiff was excessive.
 I
Because a review of this nature is contingent upon the facts of the particular case, a rather detailed statement of the facts is here presented: On Sunday, 4 October 1981, at about 7:00 A.M., Charles Allen, Eddie Mae Parker's grandson, removed a sixteen ounce Coca-Cola, bought the previous day at Midway Trading Post in Midway, Alabama, from the refrigerator. He opened the bottle by unscrewing the cap, noting at the time it made the normal "whoosh" sound when the seal was broken. Mrs. Parker drank several swallows from the bottle and then left the house with a friend. When in the friend's car, Parker felt something in her throat. She expectorated several times and, after arriving at her destination, threw up some blood.
After Parker had left, Charles Allen drank several swallows from the drink and felt something going down his throat. He found a small piece of glass lying on his tongue. Upon peeling the wrapper off the Coca-Cola, Allen saw there were particles of glass in the bottle. He took the bottle to Parker, who was down the street, and showed her the glass. Mrs. Parker said of Allen's appearance at this time, "His eyes were all bugged out."
Parker gave Charles Allen bread in order to coat the glass and he returned home. Parker took the Coca-Cola bottle to Midway Trading Post to show it to the retailer that had sold her the bottle.
The following day, both Mrs. Parker and Charles Allen complained of very sore throats and went to a physician named Jackson. Dr. Jackson treated both with antibiotics. After a second visit he released both Parker and Allen with no restrictions. Dr. Jackson testified at trial that, in both cases, the throats appeared similar to the throat of a person with a serious cold or sore throat.
As a result of the trips to the physician, Charles Allen missed two days of school. Because Mrs. Parker was not working at that time, she lost no income as a result of her illness.
Both Mrs. Parker and Allen testified they continue to suffer lasting effects from their injuries. Parker testified regarding her fear while grocery shopping:
 "Q. Has this incident caused you any inconvenience —?
"A. Yeah.
"Q. — Other than what you've already testified to?
 "A. Yeah, because when I went to the grocery store, because I be scared. I got to stay in there so long looking, you know, because I don't buy nothing in no bent can or any cracked nothing. *Page 788 
 "Q. Do you check the products closely that you buy now?
"A. Closer than I used to.
"Q. Do you buy soft drinks in glass bottles?
 "A. No, I don't buy no soft drinks in no bottles. I buy them in a can.
"Q. What about other products in the grocery store?
"A. I buy what I can in plastic.
"Q. And why is that?
 "A. I'm scare of a bottle now. I don't buy nothing in a bottle now if I can get around it."
Allen testified he was afraid he was going to die as a result of drinking glass and he is still afraid of drinking from bottles.
The only monetary loss proven by Allen and Parker at trial was $15 for the cost of driving to and from Eufaula, Alabama, to see Dr. Jackson.
 II
The general principles of reviewing excessive damages are well established. Jury verdicts carry with them a presumption of correctness, Carroll Kenworth Truck Sales, Inc. v. Leach,396 So.2d 1044 (Ala. 1981), especially where damages awarded are for pain and suffering. Langdon v. Miller, 276 Ala. 195,160 So.2d 479 (1964). That presumption is strengthened by the trial court's denial of a motion for new trial. Cox v.Herrington, 416 So.2d 968 (Ala. 1982). Where, as here, the issue is whether damages awarded for personal injuries are excessive, the disposition depends on the facts of the particular case. In Durham v. Sims, 279 Ala. 516, 187 So.2d 558
(1966), this court stated:
 "There is no fixed standard for ascertainment of compensatory damages recoverable here for physical pain and mental suffering, but the amount of such award is left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise of that discretion. . . ."
Durham v. Sims, 279 Ala. at 517, 187 So.2d at 559. Coca-Cola contends there was here a prejudiced and passionate exercise of discretion by the jury and pleads with this court to order a remittitur to a reasonable amount or, in the alternative, to order a new trial on the issue of damages.
 III
This court is aware of the difficulty in labeling almost any present verdict excessive in comparison with prior verdicts, given the decrease in value of the dollar. But the dollar figure cannot be viewed in the abstract; it must be considered in the context of the evidence of record. That evidence shows extremely little damage in this case.
The total amount of monetary damages caused the plaintiffs and proved at trial was $15. The only physical pain of any consequence which the plaintiffs suffered was the immediate discomfort upon swallowing the glass and a sore throat for several days thereafter. The experience of drinking a polluted beverage must have been unpleasant. Lingering mental anguish, however, including a continued disinclination by the plaintiffs to drink from bottled beverages, must be considered minimal.
In short, while the amount of the award to the plaintiffs is not shocking when viewed in the abstract, when tied to the facts of this case and the mildness of the injuries suffered by the plaintiffs, we do not find the amounts awarded shocking.
We must note the record reveals that, to prove Coca-Cola's liability, the plaintiffs have presented extensive evidence as to that company's failure, prior to this incident, to provide appropriate quality control measures for the detection of foreign objects in bottles. Based on that evidence, we think it reasonable to surmise that the jury returned punitive damages against Coca-Cola as well as compensatory damages, for the plaintiffs. The plaintiffs sought only compensatory damages, and the jury was charged by the trial court only as to the award of compensatory damages.
While we are reluctant to do so, we find the amount allowed by the verdict so excessive *Page 789 
as to plainly indicate it was produced by mistake, inadvertence, or failure to comprehend and appreciate the issues. In determining this issue we have kept in mind the governing principles of law and have given the required presumptions to the trial court's refusal to order a new trial because of excessive damages.
Coca-Cola requests that this court either order a remittitur of the damages or grant a new trial only as to damages. Under Rule 59 (a), ARCP, a new trial may not be granted on part of the issues where the action was tried to a jury.
Therefore, for the above reasons, the appellees shall, within thirty days after this date, file a remittitur, pursuant to §12-22-71, Code 1975, reducing the total judgment from $20,000 to $10,000, computed at $5,000 per plaintiff; otherwise this judgment will stand reversed. Let notice issue to the appellees accordingly. If they shall timely file such remittitur, the judgment will be reduced and affirmed for the sum of $10,000.
AFFIRMED CONDITIONALLY.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.