This is an appeal from a judgment based on a jury verdict awarding Robert Eskridge $1,138.98 in compensatory damages and $62,500 in punitive damages against City Bank of Alabama (now Bank of Alabama) and Guy Sutterer for fraud regarding Eskridge's withdrawal of a certificate of deposit (CD).
In January 1984, Robert Eskridge purchased a three-year CD for $44,000 from City Bank; he concurrently opened a checking account at the bank, to which the interest on the certificate was to be credited on the first of each month. At the time he purchased the CD, Eskridge was told that an early withdrawal penalty would apply if he redeemed the certificate before the three-year maturity date. He also signed a written agreement to this effect on the day of purchase.
Interest from the CD was properly credited to Eskridge's checking account in February, March, and April of 1984; in May, July, and August, however, interest was not credited to the checking account, due to computer error at the bank. After being notified by Eskridge of the error in his checking account each month that error occurred, the bank would perform the credit manually and attempt to correct the computer problem.
In August 1984, Eskridge notified the bank, through Guy Sutterer, a vice-president of the bank, that he wished to withdraw his CD due to the errors in crediting interest to his checking account. Eskridge testified that Sutterer agreed to waive the interest penalty on the early withdrawal of the CD and agreed that the bank would pay the penalty required by federal law. Although Sutterer denied making this statement, Robert Eskridge's brother, David, testified that Sutterer repeated the statement to him and said that an account existed at the bank from which to pay the penalty for Eskridge.
The withdrawal was by a cashier's check from the bank for $38,471.64; that figure reflected the deduction of a loan pay-off and an interest penalty of $1,139.98 for early withdrawal of the CD. Eskridge testified that the first time he knew the penalty would be assessed was when he received the check from the bank.
Eskridge filed suit against the bank, alleging breach of contract and fraud, but later voluntarily dismissed the breach of contract count. The trial of the case resulted in a jury award of compensatory and punitive damages in favor of Eskridge. The bank's motion for new trial was denied by the trial court. The issue to be resolved by this Court is whether the award of punitive damages to Eskridge requires intervention by the trial court due to excessiveness.
The right to a trial by jury in civil cases is guaranteed by § 11, Alabama Constitution; therefore, a jury verdict will not be set aside unless it is flawed, thereby losing its constitutional protection. Upon finding a verdict to be flawed, the trial court, pursuant to A.R.Civ.P. 59(f), and this Court, pursuant to Code 1975, § 12-22-71, may interfere with it. At what point, however, will a damages award require a finding of a flawed jury verdict?
 "First, it may include or exclude a sum which is clearly recoverable or not as a matter of law, or which is totally unsupported by the evidence, where there is an exact standard or rule of law that makes the damages legally and mathematically ascertainable at a precise figure. In these situations, a trial court may, and should, reduce or increase the amount of the verdict to reflect the amount to which the parties are entitled as a matter of law. Second, a jury verdict may be flawed because it results, not from the evidence and applicable law, but from bias, passion, prejudice, corruption, or other improper motive. It is this category *Page 933 
of cases that most troubles both trial and appellate courts."
Hammond v. City of Gadsden, 493 So.2d 1374, 1378 (Ala. 1986).
Thus, the invocation of our statutory authority to determine the proper amount of recovery and affirm the judgment, subject to the filing of a remittitur of the amount in excess of the proper amount, is dependent upon our holding that the presumption of correctness of the jury verdict is overcome by a clear showing that the amount of the verdict is the product of bias, passion, prejudice, corruption, or other improper motive. Ridout's-Brown Service, Inc. v. Holloway, 397 So.2d 125
(Ala. 1981), citing Vest v. Gay, 275 Ala. 286, 154 So.2d 297
(1963). The presumption of the correctness of the jury's verdict, alleged to be excessive, is strengthened when the trial judge overrules a motion for new trial. Alabama Power Co.v. Mosley, 294 Ala. 394, 318 So.2d 260 (1975).
In deciding whether a jury verdict is excessive, a trial judge may not substitute his judgment for that of the jury.Hammond, 493 So.2d at 1378, citing B M Homes, Inc. v. Hogan,376 So.2d 667 (Ala. 1979), and Vest, 275 Ala. at 288,154 So.2d at 298. Denying the bank's motion for new trial on grounds of excessiveness of the verdict, pursuant to Hammond, the court made the following findings:
 "1. The jury was an average jury composed of sincere, able, concerned, sensitive and mentally acute men and women who performed their sworn duties to the best of their abilities.
 "2. There is no evidence before the court of any misconduct, bias, passion, prejudice, corruption, improper motive, or cause not consistent with truth and the facts.
 "3. The jury took ample time to have reasonably considered all of the evidence in the case and made its decision based on the law and evidence as understood by it. There is always the possibility that another jury could have awarded more damages and yet another less damages. The Court will not speculate as to what another jury would have done. However, the Court's conscience is not shocked by the amount of the verdict in this case.
 "4. The totality of the circumstances in this case in regard to the relationship of the parties and the alleged misconduct of the Defendants was more than enough to render the Defendants blameworthy.
 "5. Considering the totality of the circumstances and the character and degree of the alleged wrong, the jury was justified in awarding sufficient damages to prevent similar wrongs in the future especially in light of the fact that the verdict may have little if any impact on these Defendants unless the verdict is substantial."
Punitive damages are not awarded because the injured party is entitled to them as a matter of right; they are awarded as a punishment to the wrongdoer and to deter him and others in the same or similar situation from such wrongdoing in the future.D. Corley, C. Gamble, Ala. Law of Damages, § 4-1 (1982). In a fraud action, the plaintiff is entitled to punitive damages when the fraud is malicious, oppressive, or gross, or the misrepresentation is made with knowledge of its falsity and with the purpose of injuring or defrauding. United StatesFidelity Guaranty Co. v. McKinnon, 356 So.2d 600 (Ala. 1978). Punitive damages need bear no relationship to actual damages, and their award is left largely to the discretion of the jury.Ala. Law of Damages, supra.
We are unwilling to exercise our statutory authority and invade the province of the jury in this case and set aside, or reduce, its verdict on grounds of excessiveness. The trial court's review of the verdict reflects those considerations essential to a critique of a punitive damages award: The culpability or gravity of the defendant's conduct (Ridout's-Brown Service, Inc., supra); the desirability of discouraging others from similar conduct (Ford Motor Credit Co.v. Washington, 420 So.2d 14 (Ala. 1982)); the impact upon the parties (Alabama Power Co. v. Hussey, 291 Ala. 586,285 So.2d 92 (1973)); and the impact upon third parties (Hammond, supra). *Page 934 
The question of fact as to whether Sutterer agreed to waive the early withdrawal penalty was resolved by the jury; and the amount of the verdict, standing alone, is insufficient to demonstrate bias, passion, prejudice, corruption, or other improper motive, particularly in view of the trial court's post-judgment findings to the contrary.
Because the bank has failed to overcome the presumption of correctness attached to the jury verdict, which was strengthened by the trial court's denial of the bank's post-judgment motion for a new trial (which denial was supported by the findings required by Hammond), we find no reversible error.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.