KENNEDY, Justice.
The defendant appeals from a judgment entered on a jury verdict in favor of the plaintiff in the amount of $250,000. We affirm.
On February 1, 1986, William Kenny Allen, age 40, was a passenger in an automobile that was involved in a collision. The automobile in which Allen was a passenger was struck by another automobile driven by Albert Cliff Rainey and owned by Pepsi Cola Bottling Company of Luverne, Inc., d/b/a Springfield Foods (hereinafter “Pepsi Cola”). Allen was injured as a result of the collision.
Allen’s injuries consisted of a broken nose; two fractured teeth requiring crowns; a neck and shoulder injury resulting in a 5% to 10% permanent impairment to Allen’s entire body; injuries necessitating plastic surgery; and an injury to his left knee requiring two surgeries and resulting in an 8% impairment to the left leg and a 3% impairment to the body as a whole. Allen sued Pepsi Cola and Rainey, alleging negligence in Count I, and wantonness in Count II.
The trial began on October 30, 1989, in the Circuit Court of Houston County. In open court, Pepsi Cola stipulated that at the time of the accident Rainey was an authorized agent of Pepsi Cola and was acting within the scope of his employment. Allen then moved to dismiss Rainey as an individual defendant, and his motion was granted.
On the second day of trial, Allen moved to dismiss his wantonness count. The court granted the motion. Allen also moved to amend the prayer for relief in Count I from a specific dollar amount to such sum as the jury would assess, plus costs. The motion was granted.
During Pepsi Cola’s closing argument, Allen objected to comments made by counsel for Pepsi Cola relating to the dismissal of Rainey as an individual defendant. The court sustained the objection, based on Pepsi Cola’s stipulation that Rainey was acting within the scope of his employment at the time of the accident.
Although he had amended his complaint so that he was no longer requesting a specific dollar amount, in his closing argument, and in response to Pepsi Cola’s closing argument, Allen used charts containing computations of the specific dollar amount of damages. The charts had not been admitted into evidence.
Pepsi Cola argues that the trial court erred in sustaining Allen’s objection to comments during its closing argument relative to the dismissal of Rainey. It maintains that it was precluded from arguing an issue directly related to the possible award of damages and was, further, prevented from commenting on undisputed facts. Pepsi Cola asserts that the inability to make an argument concerning Rainey’s dismissal was prejudicial and that the prejudice was evidenced by the large sum of money awarded by the jury against Pepsi Cola. We disagree.
The factors an appellate court may look to in determining the propriety of counsel’s argument include the evidence, the argument itself, the prejudicial effect of the argument, and any corrective actions *436 of the trial court. Otis Elevator Co. v. Stallworth, 474 So.2d 82 (Ala.1985). In the instant case, Pepsi Cola stipulated during trial that Rainey was an authorized agent of Pepsi Cola and was acting within the line and scope of his employment when the accident occurred. Rainey was then dismissed. A possible effect of the argument by Pepsi Cola’s counsel may have been to improperly bias the jury on the issue of damages, and the trial court was within its discretion in sustaining the objection.
We conclude that the trial court was within its discretion in allowing the charts to be used during rebuttal argument. The conduct and content of counsel’s argument have always been considered to be a matter for the sound discretion of the trial judge. Freeman v. Hall, 286 Ala. 161, 238 So.2d 330 (1970). We find no abuse of that discretion here.
After the jury returned a verdict awarding compensatory damages in the amount of $250,000, Pepsi Cola filed a motion for JNOV or, in the alternative for new trial or, in the alternative, for remit-titur. Jury verdicts are presumed to be correct. Coca Cola Bottling Co. v. Parker, 451 So.2d 786 (Ala.1984). Whether damages awarded in a personal injury case are excessive depends on the facts of the particular case. Id. This Court will not interfere with a damages award unless the award shocks the judicial conscience or is so great as to indicate that it is a product of bias, passion, or prejudice. Southern Life & Health Ins. Co. v. Smith, 518 So.2d 77 (Ala.1987), citing Village Toyota, Inc. v. Stewart, 433 So.2d 1150 (Ala.1983).
The trial court, pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986), stated its reasons for denying Pepsi Cola’s motion for a new trial, or for remittitur, finding that, in light of Allen’s injuries, the verdict was not excessive. Allen’s personal injuries have been detailed earlier in this opinion. Several surgeries were required. He also incurred approximately $16,000 in medical expenses and had to undergo a regimen of physical therapy. He lost substantial income from his remodeling and construction business. Based on the record before us, we cannot say that the trial court erred in finding that the award was not excessive.
We affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.