Mary J. FIELDS, Plaintiff,

v.

OAKWOOD MOBILE HOME,
INC., et al., Defendants.

No. Civ.A. 99–0743–BH–S.

United States District Court,
S.D. Alabama,
Northern Division.

Nov. 1, 1999.

Barry A. Ragsdale, Garve Ivey, Jr., Ivey & Ragsdale, Jasper, AL, for Plaintiff.

Wynn M. Shuford, Michael L. Bell, Lightfoot, Franklin & White, Birmingham, AL, Jon B. Terry, Bessemer, AL, for Defendant.

**ORDER**

HAND, Senior District Judge.

This action is before the Court on plaintiff's motion to remand (Doc. 6); defendants' motion to dismiss and to compel arbitration (Doc. 11) and the parties' joint motion (Doc. 12) to stay the requirements of Fed.R.Civ.P. 26(f) pending resolution of plaintiff's motion to remand. In view of the Court's decision concerning the appropriateness of remand, defendants' motion

to dismiss and/or compel arbitration must be addressed by the state court and the parties' motion to stay will be granted as set forth below.

In this action, plaintiff challenges defendants' contention that the amount in controversy satisfies the jurisdictional limits of this Court. Plaintiff seeks to represent a class of similarly situated persons, each of whom not only agrees to limit their compensatory damages to $74,000 but waives any claim for punitive damages. Any potential class member who would not so limit their damages is invited and permitted to "opt out" of the subject class.

 American Bankers Insurance Company of Florida (American Bankers) is the only defendant who filed an opposition to plaintiff's motion to remand.[1] American Bankers does not question the now established premise that a plaintiff "is the master of his or her own claim [and] if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, 1095 (11th Cir.1994), *quoting*, Charles A. Wright & Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3702. Nor does American Bankers challenge the premise that "[a] removing defendant [such as itself] has the burden of proving the existence of federal jurisdiction." *Pacheco de Perez v. AT T Co.*, 139 F.3d 1368, 1372 (11th Cir.1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996). American Bankers argues, instead, that: (1) "plaintiff's counsel have either 'falsely represented' or 'do not appreciate' the value of their client's case here" (American Bankers' Memorandum in Opposition at 4); (2) plaintiff's attempted waiver of punitive damages "is neither binding nor effective" as she is without authority to waive such

damages for potential class members (*Id.* at 6); plaintiff's attempted waiver of punitive damages "is also ineffective under Rule 54(c) of the Federal Rules of Civil Procedure" (*Id.* at 10); and (3) both punitive and compensatory damages are available in this action and should be aggregated as among potential class members and the thirteen separate counts of plaintiff's complaint (*Id.* at 11–14).

 According to American Bankers, the mere existence of other virtually identical cases filed by plaintiff's counsel in which complete diversity does not exist but in which no waiver of or limitation on damages has been invoked establishes that "the amount claimed by the Plaintiff in this action does not represent a true evaluation of the value of this case; rather, it represents the amount which the Plaintiff's counsel believe will enable Plaintiff to avoid Federal jurisdiction." American Bankers' Memorandum in Opposition at 5. While the Court would agree that such an interpretation could apply, the Court must also acknowledge that an equally applicable interpretation might be that the other cases have simply been over-valued by plaintiff's counsel.[2] American Bankers' evaluation appears predicated solely on the potential availability of punitive damages with respect to plaintiff's fraud claims. Potential compensatory damages against American Bankers is not discussed beyond acknowledging that plaintiff is essentially complaining about certain insurance premiums and/or commissions she unwittingly paid. American Bankers does not contend that the insurance premiums at issue with respect to itself or the compensatory damages sought against the other defendants in connection with "their purported failure to disclose that the wheels and axles of the mobile home are part of the purchase price" (Notice of Removal at ¶ 2) could

---

1. Although tempted to conclude that the remaining defendants have thus withdrawn their necessary consent to the removal of this action, the Court nonetheless will proceed with its analysis of the amount in controversy issue.

2. As inviting as it might be to examine "matter in controversy" from a removing defendant's perspective rather than the plaintiff's, "the Supreme Court has long since closed that door." *Davis v. Carl Cannon Chevrolet–Olds, Inc.*, 182 F.3d 792, 797 (11th Cir.1999).

exceed $75,000.00. In any event, the mere fact that the "true value" of a case is greater than plaintiff's demand for damages does not control here inasmuch as the plaintiff has the right to both choose her forum and avoid Federal jurisdiction by specifically electing to "ask for less than the jurisdictional amount." *Burns*, 31 F.3d at 1095. Defendants' burden in this case has also been clearly stated by the *Burns* court, namely to show that, "if plaintiff prevails on liability, an award below the jurisdictional amount would be ***outside the range of permissible awards*** because the case is clearly worth more than [$74,000]." 31 F.3d at 1096 (emphasis added). As was true in *Burns*, American Bankers has failed to meet this burden of proof.

▪ American Bankers next asserts that plaintiff's attempted waiver is neither binding nor affective because "Plaintiff has not been shown to have authority to make those waivers and because such a waiver would amount to a breach of Plaintiff's fiduciary duty as a class representative." American Bankers' Memorandum in Opposition at 6. As American Bankers acknowledges, the Eleventh Circuit declined to decide this issue in *Davis v. Carl Cannon Chevrolet–Olds, Inc.,* 182 F.3d 792, 798 (11th Cir.1999). This Court has, in the past, adopted and applied the premise that a plaintiff seeking to represent a class has no authority to waive damages and that such a waiver would amount to a breach of plaintiff's fiduciary duty as a class representative. *Seale v. Nissan Motor Acceptance Corp.,* No. 95–1008–BH–M, 1996 WL 539899, 1996 U.S. Dist. LEXIS 21945 (S.D.Ala. Mar. 7, 1996); *Chastang v. Metropolitan Life. Ins. Co.,* No. 95–1040–BH–C, 1996 U.S. Dist. LEXIS 22265 (S.D.Ala. Mar. 7, 1996). In no other case, however, has this Court been presented with an unambiguous declaration that plaintiff seeks only to represent a class of individuals who similarly desire to pursue only

compensatory damages in an amount that does not satisfy the jurisdictional prerequisites of this Court. The fact that class members in Rule 23(b)(3) class actions have always had the right to opt out of the proposed class [3] has not heretofore been an issue raised in the context of a class representative's fiduciary duty and authority to waive claims. Perhaps it should have been an issue in *Seale* and *Chastang.* To ignore this right to "opt out" when analyzing issues concerning the authority of a proposed class representative to waive claims of other putative class members and, as in this case, issues concerning the requisite jurisdictional amount in controversy, is to put the cart before the horse.

The claims in any Rule 23(b)(3) class action, whether limited or expansive, are necessarily defined by the plaintiff who seeks to represent the putative class of similarly situated individuals. One of the purposes of the "opt out" provisions is to allow any putative class member who disagrees with either the plaintiff's definition of claims or even the plaintiff's choice of forum to exclude themselves from the litigation and proceed on their own accord. As the Supreme Court recognized when it described certain general attributes of certification under Rule 23(b)(3):

> In adding "predominance" and "superiority" to the [Rule 23(b)(3)] qualification-for-certification list, the Advisory Committee sought to cover cases "in which a class action would achieve economies of time, effort, and expense, and promote ... uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." [Adv. Comm. Notes, 28 U.S.C.App., p. 697 [U.S.C. Court Rules, Fed.R.Civ.P. Notes following Rule 23]]. Sensitive to the competing tugs of individual autonomy for those who might prefer to go it alone or in a smaller unit, on the one hand,

---

3. As American Bankers aptly points out, "Rule 23(c)(2) requires the court to provide notice to a Rule 23(b)(3) class that 'the court will exclude the member from the class if the

member so requests by a specified date.' " American Bankers' Memorandum in Opposition at 8, n. 9, *quoting,* Fed.R.Civ.P. 23(c)(2).

and systemic efficiency on the other, the Reporter for the 1966 amendments cautioned: "The new provision invites a close look at the case before it is accepted as a class action." ... Kaplan, Continuing Work [of the Civil Committee: 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev/356, 390 (1967)]. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615, 117 S.Ct. 2231, 2246, 138 L.Ed.2d 689, 708 (1997). The Supreme Court also reiterated the Advisory Committee's admonition:

> "The interests of individuals in conducting separate lawsuits may be so strong as to call for denial of a class action. On the other hand, these interests may be theoretic rather than practical; the class may have a high degree of cohesion and prosecution of the action through representatives would be quite unobjectionable, or the amounts at stake for individuals may be so small that separate suits would be impracticable." Ibid.

*Amchem*, 521 U.S. at 616, 117 S.Ct. at 2246. Thus, the plaintiff who seeks only to represent a class of similarly minded individuals would surely owe no duty to individuals who opt out of the litigation. Such plaintiff should not be denied her choice of forum and right to limit and/or waive certain claims solely on the basis that she has failed to represent the interests of individuals who will choose to opt out and to whom thereby she owes no duty. Rather, such plaintiff should encounter only the possible denial of class certification in the event she fails to establish that she can adequately represent the interests of a sufficient number of similarly situated and similarly minded individuals.[4]

American Bankers' remaining arguments are also without merit. The contention that plaintiff's waiver of punitive damages is ineffective under Fed.R.Civ.P. 54(c)[5] is contrary to *Burns* unequivocal ruling that, "if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." *Burns*, 31 F.3d at 1095. It is also contrary to the Eleventh Circuit's recognition that, under Alabama law, "[a]n injured party is not entitled to punitive damages as a matter of law." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1358 (1996), citing, *City Bank of Alabama v. Eskridge*, 521 So.2d 931, 933 (Ala.1988). Finally, inasmuch as the Court has upheld plaintiff's waiver of punitive damages, no potential award of such damages could be aggregated in this case to achieve the requisite jurisdictional amount in controversy.

■ Although the Court concludes that plaintiff's motion to remand is due to be granted, the Court does not believe that the existing law concerning a plaintiff's authority in a class action to waive claims and thereby limit the amount in controversy to less than the jurisdictional amount of this Court is established to the degree that an award of attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) is warranted. The existence of such an issue was specifically recognized but not addresses by the Eleventh Circuit in *Davis*, 182 F.3d at 798. Thus, plaintiff's request for attorney's fees and costs will be denied. The Court shall also certify the issue for appeal under 28 U.S.C. § 1292(b).

---

**4.** The Court agrees with American Bankers' contention that the "adequacy" element of Rule 23 is "most important" and approves of its reliance on the Supreme Court's admonition that "[t]he adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." American Bankers' Memorandum in Opposition at 9 and n. 12, quoting, inter alia, *Amchem*, 521 U.S. at 625, 117 S.Ct. at 2250. The Court disagrees, however, with the premise that this Court may utilize the adequacy inquiry in the fashion proposed by American Bankers, namely to obfuscate plaintiff's limitations on the amount in controversy to less than the jurisdictional prerequisites of this Court. Again, such would clearly be putting the cart before the horse.

**5.** Fed.R.Civ.P. 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

For the reasons set forth above, the Court concludes and it is therefore **ORDERED** that plaintiff's motion to remand (Doc. 6) is due to be and is hereby **GRANTED** but that plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is due to be and is hereby **DENIED.** It is, however, **FURTHER ORDERED** that the parties' joint motion to stay be and is hereby **GRANTED** to the extent that the actual transfer of this action to the Circuit Court of Marengo County, Alabama, be and is hereby **STAYED** to allow an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The Court is of the opinion that this Order granting plaintiff's motion to remand involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Application for such an appeal must, pursuant to § 1292(b), be filed within ten days after the entry of this Order, or by **no later than November 12, 1999.**[6]

In the event American Bankers and/or the remaining defendants do not take an appeal from this Order on or before 5:00 p.m. on November 12, 1999, the Clerk of this Court is directed to take such steps on the following Monday, November 15, 1999, as are necessary to transfer this action to the Circuit Court of Marengo County, Alabama, from whence it was removed.

---

6. November 11, 1999, is a federal holiday.